UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CEDRIC ADAMS** | **CIVIL ACTION NO. 14-229-P** |
| **VERSUS** | **JUDGE HICKS** |
| **EDDIE KENNEDY, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Cedric Adams ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 7, 2014. Plaintiff is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He names Eddie Kennedy, Jerry Goodwin, Chris Evans, Angie Huff, Dianna Hanson, Patrice Kennedy, Vincent Williams, Christopher Hamilton, and Roddrick Malcom as defendants.

Plaintiff claims that on February 20, 2013, Officer Eddie Kennedy harassed him because he and another officer had a disagreement. He claims Officer Kennedy called him names in front of other inmates. Plaintiff claims that after Officer Kennedy harassed him, he filed a grievance in the administrative remedy procedure. He claims his grievance was denied at each level.

Plaintiff claims that on April 18, 2013, he was written up for defiance and placed in administrative segregation. The rule violation report states that Sgt. Kennedy ordered Plaintiff to turn his mattress over so it could be inspected and that Plaintiff responded in a loud voice for Sgt. Kennedy to do it. It states that Sgt. Kennedy again ordered Plaintiff to turn his mattress over and he refused. Plaintiff claims he was found guilty and sentenced to 45 days loss of good-time credits, suspended for 90 days.

Plaintiff claims that he had a duty status that stated he could not lift more than five pounds with his right arm and he could not raise his right arm over his head. He claims he went to the infirmary and gave up his duty status because he was being forced to violate it.

Plaintiff claims that on May 19, 2013, Officer Kennedy approached him while punching his palm with his fist. He claims Officer Kennedy cursed at him. He claims he left and reported Officer Kennedy to Captain Hamilton and Lt. Boyd. He claims Lt. Boyd then talked to Officer Kennedy. He claims Lt. Boyd reported that Officer Kennedy wanted to lock him up for a rule #3 defiance violation and a rule #5 aggravated disobedience violation. He claims Lt. Boyd spoke with Officer Kennedy again and he only wanted to write him up for a rule #5 violation. He claims Officer Kennedy never brought the rule violation report to the security building.

Plaintiff claims that on May 20, 2013, Officer Kennedy wrote him a rule violation report and back dated it. The report states that Sgt. Kennedy saw Plaintiff playing softball even though he had a duty status that said no sports. It further states that Plaintiff ignored Sgt. Kennedy's orders.

Plaintiff claims that on May 28, 2013, he appeared in the disciplinary court. He claims he was found guilty and the sentence of 45 days loss of good-time was imposed.

Plaintiff claims he filed a grievance in the administrative remedy procedure alleging he was retaliated against. He claims his grievance was rejected at each level. Plaintiff claims that on May 29, 2013, he wrote Warden Goodwin but received no response.

Plaintiff claims that on May 25, 2013, Officer Kennedy verbally threatened him. He claims that on May 26, 2013, Officer Kennedy verbally threatened him.

Plaintiff claims that on May 29, 2013, Officer Moore, a friend of Officer Kennedy, called his name and mumbled something at him. He claims he has never been told that he had to lift his locker box, but he was told that he had to be next to his bed to mop his area. He claims Officer Moore came to the yard and requested that he lift his lockbox. He claims he had another inmate help him lift the box.

Plaintiff claims he fears for his safety. He claims no one he has spoken to about Officer Kennedy's threats has done anything. He claims he has not been placed on protective custody and has been made to feel that the situation is his fault. He claims he is being retaliated against because he filed a grievance in the administrative remedy procedure.

Accordingly, Plaintiff seeks punitive, monetary, and compensatory damages for the loss of good-time credits and the retaliation and harassment he has suffered and to have his good-time credits restored.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff is seeking monetary damages for allegedly unconstitutional disciplinary board convictions and sentences. The United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. In Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997), the Supreme Court approved the application of the Heck doctrine to prison disciplinary proceedings.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove that his disciplinary board convictions and/or sentences have been invalidated. He has not met this precondition and his complaint must be dismissed until such

time that he can demonstrate that his disciplinary board convictions and/or sentences have been invalidated.

**Habeas Claim**

Plaintiff alleges that his sentence is unlawful and seeks restoration of his good-time credits. Although Plaintiff submitted his claim on the standardized civil rights complaint form, it is incumbent upon this court to determine preliminarily whether the facts alleged establish a claim under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued initially in a habeas corpus proceeding. This determination is made by focusing on "the scope of relief actually sought." Alexander v. Ware, 417 F.2d 416, 419 (5th Cir. 1983); Serio v. Members of the La. State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). In accordance with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)). Plaintiff is challenging his disciplinary convictions and sentences and his claim clearly falls within the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time. Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982). It is clear that Plaintiff has not exhausted his state court remedies based on his complaint and independent research by the court. Therefore, Plaintiff is not entitled to habeas relief at this time because he has failed to exhaust his state court remedies.

**Harassment**

Plaintiff's claims of verbal abuse and harassment fail to raise a federal constitutional claim. A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. The Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997) (citing Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993)). The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." Robertson v. Plano City of Texas, 70

F.3d 21, 24 (5th Cir.1995). See Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

Accordingly, Plaintiff's claims regarding verbal threats and harassment should be dismissed with prejudice as frivolous.

**Retaliation**

Plaintiff claims he was retaliated against because he filed a grievance in the administrative remedy procedure. Specifically, he claims he was issued disciplinary reports. To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident--such as the issuance of disciplinary reports --would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Plaintiff's allegations that he was retaliated against are unconvincing. The retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no evidence that "but for" this motive, he would not have been written up. Accordingly, these actions by prison officials do not implicate any constitutional rights.

**CONCLUSION**

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter,

766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary compensation for his allegedly unconstitutional disciplinary board convictions and sentences be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met and that his civil rights claims of harassment and retaliation be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and that Plaintiff's request for habeas relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 8th day of September, 2015.

Mark L. Hornsby
U.S. Magistrate Judge